UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JOHN DOE,

                    Plaintiff,

     v.

SYRACUSE UNIVERSITY, et al.

                   Defendants.

_____

No. 5:19-CV-190 (BKS/ATB)

MICHAEL THAD ALLEN, ESQ., for Plaintiff
BRITTANY E. LAWRENCE, ESQ., for Defendants

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

### DECISION AND ORDER

The parties have submitted letter briefs (Dkt. Nos. 44, 46) addressing the issue
of whether the court should order Syracuse University Counseling Center and Tekhara
Watson, M.A., LMFT to disclose, solely for the purpose of my in camera review, any
records with respect to Ms. Watson's communications with complainant RP regarding
her allegations of sexual misconduct by plaintiff John Doe, and the related hearings
and appeals.  Based on the court's review of the parties' submissions and authority
cited in both letter briefs, the court concludes that such records must be disclosed to
the court for the purposes of in camera review.

None of the parties or their attorneys have reviewed any of the relevant
documents, to the extent they exist.  In fact, Syracuse University requested that I

reconsider my prior ruling that the records should first be disclosed to counsel for the University, so that counsel could review the content of the records before briefing the court about possible further disclosure of the records. The parties debate, in a vacuum, about the likely content of any such records and the legal standard that the court should apply in deciding whether disclosure of any of Ms. Watson's records to the parties should be ordered.

Defense counsel takes the position that Ms. Watson's records would likely include confidential mental health treatment records that I should not order disclosed, under New York's Mental Hygiene Law, unless I find that the interests of justice substantially outweigh the need for confidentiality. (Dkt. No. 44 at 3). Plaintiff's counsel also concedes that Ms. Watson's records may also include "intertwined" records relating to Ms. Watson's "support" or "advocacy" role with respect to RP, which included advising RP of her reporting options; explaining the different processes involved with each reporting option, including the University's Title IX process; and providing support by accompanying her to investigation interviews and administrative hearings. (*Id*. at 2). Defense counsel argues that, while it is not seeking mental health therapy records, the records with respect to Ms. Watson's support and advocacy for RP would be relevant to, inter alia, whether the Syracuse University Counseling Center "recruited" RP to lodge a complaint after she had declined to pursue a complaint against plaintiff with the Syracuse Police Department. (Dkt. No. 46 at 3).

Based on the lack of information provided by defendants with respect to the content of Ms. Watson's records, the court cannot determine the nature of the records, whether some of the records are severable non-treatment records for which the legal standards of disclosure might be different than those articulated by defendants, and whether even mental health treatment records should be disclosed because the interests of justice substantially outweigh the need for confidentiality. The court understands the defendants' concern that any disclosure of such records could chill reporting of sexual misconduct or assault by victims in the future. However, the first step ordered here, which involves disclosure only to the court for the purpose of confidential, in camera review, would seem to involve little risk of chilling future reporting.

**IT IS THEREFORE ORDERED**, that, absent a timely appeal of this Order, the Syracuse University Counseling Center and Tekhara Watson, M.A., LMFT, shall, by March 13, 2020, disclose, solely to the court, for the purpose of in camera review, any records requested by plaintiff with respect to Ms. Watson's communications with complainant RP regarding her allegations of sexual misconduct by plaintiff John Doe and the related hearings and appeals.

**Dated:** February 25, 2020

Hon. Andrew T. Baxter
U.S. Magistrate Judge