**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

JOHN DOE,

                                      Plaintiff,

                                                                     5:19-CV-190

    v.                                                                    (BKS/ATB)

SYRACUSE UNIVERSITY, et al.

                                      Defendants.

_____

MICHAEL THAD ALLEN, ESQ., for Plaintiff
BRITTANY E. LAWRENCE, ESQ., for Defendants

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

      The parties have submitted letter briefs (Dkt. Nos. 44, 46) addressing the issue of whether the court should order Syracuse University Counseling Center and Tekhara Watson, M.A., LMFT to disclose to plaintiff certain records with respect to her communications with complainant "RP" regarding RP's allegations of sexual misconduct by plaintiff John Doe. As a result of prior conferences regarding this issue, the current focus is on whether plaintiff is entitled to review documents relating to Ms. Watson's counseling or advice to RP regarding reporting options, procedures relating to Title IX disciplinary proceedings, and the hearings and appeals that resulted in John Doe's expulsion, notwithstanding the fact that Ms. Watson also served as RP's therapist.

In my Decision and Order dated February 25, 2020, I ordered the Syracuse University Counseling Center and Tekhara Watson, M.A., LMFT to disclose, solely to the court, for the purpose of in camera review, any records requested by plaintiff with respect to Ms. Watson's communications with complainant RP regarding her allegations of sexual misconduct by plaintiff John Doe and the related hearings and appeals.[1] I have now reviewed those documents in camera and have determined, based on the court's review of the parties' submissions and authority cited in both letter briefs, that the plaintiff is entitled to review select portions of the documents authored by Ms. Watson regarding her communications with RP.

None of the parties or their attorneys have reviewed the relevant documents, but have argued, in a vacuum, about the likely content of such records and the legal standard that the court should apply in deciding whether further disclosure of any of Ms. Watson's records should be ordered. Defense counsel takes the position that Ms. Watson's records would likely include confidential mental health treatment records that should not be disclosed, under New York's Mental Hygiene Law § 33.13©), unless I find that the interests of justice substantially outweigh the need for

---

[1] Syracuse University successfully requested that I reconsider my prior ruling that the records should first be disclosed to counsel for the University, so that counsel could review the content of the records before briefing the court about possible further disclosure of the records.

2

confidentiality. (Dkt. No. 44 at 3).[2] Defendants also concede that Ms. Watson's records may also include "intertwined" records relating to Ms. Watson's "support" or "advocacy" role with respect to RP, which included advising RP of her reporting options; explaining the different processes involved with each reporting option, including the University's Title IX disciplinary process; and providing support by accompanying her to investigation interviews and administrative hearings. (*Id*. at 2). The defendants contend that any disclosure of the records relating to RP's allegations of sexual misconduct would deter future victims from reporting sexual abuse to relevant authorities. (*Id.* at 1-2).

Plaintiff's counsel states that he is not seeking mental health therapy records. (Dkt. No. 46 at 3). However, he contends that the portions of the records with respect to Ms. Watson's support and advocacy for RP would be highly relevant to, *inter alia*, whether the Syracuse University Counseling Center demonstrated gender bias by recruiting or influencing a female complainant to initiate Title IX proceedings against a male fellow student after she had decided not to pursue a complaint she initiated against the plaintiff with the Syracuse Police Department. (*Id.* at 2-3, 4-5). Plaintiff's counsel argues that, to the extent disclosure of Ms. Watson's "advocacy" and procedural advice to RP might deter future reporting by victims, Syracuse University

---

[2] The parties have taken different, and sometimes shifting positions with respect to the legal standards applicable to the decision whether to order disclosure of some of Ms. Watson's records relating to RP. (See Dkt. No. 46 at 3-4).

3

created that risk by combining, in Ms. Watson's position, the "therapeutic role of counselors" with "the procedural role of advisors." (*Id.* at 5).

I have confirmed, from my in camera review of the records, that Ms. Watson both served as a therapist to RP and provided her with information about her reporting options and the relevant procedures for Title IX disciplinary hearings and appeals. While the opposing parties will undoubtedly "spin" Ms. Watson's advice differently, her written notes reflect that she repeatedly discussed, with RP, pursuing Syracuse University's Title IX disciplinary proceedings, even though RP initially decided only to report the alleged sexual misconduct to the police, and then later decided not to pursue criminal charges. Portions of Ms. Watson's notes are relevant to plaintiff's theories that Syracuse University's disciplinary proceedings were procedurally unfair and biased against male students. I have concluded that, with respect to those portions of Ms. Watson's records, the interests of justice substantially outweigh the need for confidentiality, under the legal standard the defendants now advocate.[3] However, the court carefully and stringently redacted the records created by Ms. Watson to disclose only those portions of her advice that related to reporting options and procedures relating to Title IX disciplinary proceedings. The more extensive portions of the

---

[3] To the extent the Family Educational Rights and Privacy Act ("FERPA") or its broad policy mandates would apply to these records, the standard for a judicial order of disclosure are similar. *See, e.g., Ragusa v. Malverne Union Free Sch. Dist.*, 549 F. Supp. 2d 288, 292 (E.D.N.Y. 2008)(a party seeking disclosure of records covered by FERPA "is required to demonstrate a genuine need for the information that outweighs the privacy interests of the students.") (collecting cases).

4

records that constitute therapy or treatment records shall not be disclosed to the parties.

The court is mindful of the concerns of Syracuse University that such disclosure could deter reporting of future sexual abuse on campuses. However, the details of the interactions between John Doe and RP have already been exposed on the record, both in the complaint (Dkt. No. 1) and in District Judge Sannes's recent Memorandum-Decision and Order addressing defendants' partial motion to dismiss the complaint (Dkt. No. 45). On the other hand, RP, like the plaintiff, remain anonymous in this action, and the redacted records will be subject to the protective order that is in place in this action. (Dkt. No. 35). The court has carefully redacted those portions of Ms. Watson's records which discuss her communications with RP's relating to symptoms and treatment.

How the interested parties proceed in light of the court's ruling is complicated by the refusal of defense counsel or University counsel, up until now, to review Ms. Watson's records. For now, the court will provide the redacted version of Ms. Watson's records, intended for disclosure to the parties, only to Ms. Watson and the Syracuse Counseling Center, who submitted them in camera. Presumably, in deciding whether to object to my ruling, the Counseling Center will disclose the *redacted* records to, and seek advice from, counsel for Syracuse University, or some other attorney, which would be consistent with, and authorized by, my ruling. If my ruling is not appealed within the requisite 14-day period, the redacted records will be disclosed to all parties.

5

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that, absent a timely appeal of this Order, the redacted version of the records of Ms. Watson shall be disclosed by court to the parties on or about April, 2020, subject to the terms of the protective order in place in this action (Dkt. No. 35).

**Dated:** March 25, 2020

_____
Andrew T. Baxter
U.S. Magistrate Judge