**BARCLAY DAMON**<sup>LLP</sup>

**Edward G. Melvin II**
*Partner*

September 15, 2020

**VIA CM/ECF**

The Honorable Brenda K. Sannes
United States District Court Judge
United States District Court, Northern District of New York
James M. Hanley Federal Building and United States Courthouse
100 South Clinton Street
Syracuse, New York 13261

      Re:      <u>Doe v. Syracuse University</u>
                  Civil Action No. 5:19-cv-00190 (BKS/ATB)

Dear Judge Sannes:

      We represent the Defendants in the above-referenced matter. We write pursuant to the Court's September 8, 2020 Text Order (Dkt No. 64) permitting Defendants to submit evidence in support of the assertion that content contained on the first page of subject counseling records (which has been left unredacted) is subject to the federal psychotherapist-patient privilege.

      By Memorandum-Decision and Order dated August 24, 2020 (Dkt. No. 62) (the "Order"), this Court issued newly redacted counseling records following Defendants' appeal of a March 25, 2020 Decision and Order issued by Magistrate Judge Andrew T. Baxter (Dkt No. 48). Specifically, this Court determined that the subject counseling records contain material that is privileged, as well as material that is not privileged. The material that is not privileged reflects content that was "not made in the course of diagnosis" and/or "because RP reasonably expected [such content] would be disclosed." (Dkt. No. 62, p. 13). The non-privileged information includes records reflecting conversations between RP and Watson that RP explicitly agreed could be reported to the University's Title IX Office; a record describing a report made to a Department of Public Safety ("DPS") officer; and records summarizing meetings attended by RP, Watson, and others. (Dkt. No. 62, p. 13).

      As previously set forth in Defendant's September 7, 2020 letter motion (Dkt. No. 63), Defendants respectfully submit that the first page of the newly redacted records, which was not redacted by the Court, does not fit into any of the foregoing three categories of non-privileged information. Thus, we respectfully submit that such content should have been redacted. In further support of Defendant's position in this regard, we respectfully submit the Declaration of Tekhara D. Watson, L.M.F.T., dated September 15, 2020 (the "Watson Declaration").

Barclay Damon Tower - 125 East Jefferson Street - Syracuse, New York 13202  barclaydamon.com
emelvin@barclaydamon.com  Direct: (315) 425-2783  Fax: (315) 703-7328
Also Admitted in: Connecticut

Hon. Brenda K. Sannes
September 15, 2020
Page 2

As set forth in the Watson Declaration, the content contained on the first two pages of the subject counseling records reflects Watson's notes regarding an initial confidential counseling appointment that occurred on November 15, 2016. We recognize that documents previously produced in discovery in this case reflect that RP filed a report with DPS on November 15, 2016. However, as set forth in the Watson Declaration, the counseling center records discussing the November 15, 2016 initial appointment reflect a confidential one-on-one session at which no other individuals were present, including any officers from DPS. Moreover, at the time of the initial meeting, RP was not describing to Watson any other report or meeting at which a third party was present. RP's meeting with DPS was separate and apart from her meeting with Watson, and occurred later in the day on November 15, 2016. Thus, the first two pages reflect confidential communications between RP and Watson that occurred in the course of diagnosis or treatment and to which RP would have an expectation of privacy and to which should be protected from compelled disclosure. (*See generally* Dkt. No. 60); *see also Jaffee v. Redmond*, 518 U.S. 1 (1996).

Accordingly, we respectfully submit that the content contained on the first page of the newly redacted records reflects content that is protected from disclosure under the federal psychotherapist-patient privilege, and should be redacted prior to disclosure to the Plaintiff. We respectfully request that such content be redacted by the Court, or alternatively, we respectfully request an order from the Court permitting defense counsel to redact the content contained on the first page of the counseling center records prior to disclosure to the Plaintiff.

With respect to Plaintiff's letter motion filed today, September 15, 2020 (Dkt. No. 65), Defendants respectfully disagree with the arguments set forth therein and oppose Plaintiff's request to have any of the newly redacted records disclosed in full. Indeed, Plaintiff's most recent letter motion is more akin to an appeal of the Order, rather than a request for clarification concerning the newly redacted records.

We appreciate the Court's time and consideration of this matter.

Very truly yours,

*/s/ Edward G. Melvin II*

Edward G. Melvin II

EGM
cc: All Counsel of Record via CM/ECF